UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIC MCGOWAN,

    Petitioner,　　　　　　　　　　　　Civil No. 2:09-CV-14539
　　　　　　　　　　　　　　　　　　　　　HONORABLE ARTHUR J. TARNOW
v.

CINDI CURTIN,

    Respondent,
_____/

### OPINION AND ORDER GRANTING PETITIONER'S MOTION TO DELETE UNEXHAUSTED CLAIM FROM THE PETITION FOR WRIT OF HABEAS CORPUS, PERMITTING PETITIONER TO FILE AN AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AMENDING CAPTION, AND DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER

    Demetric McGowan, ("Petitioner"), presently confined at the Pine River Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for possession with intent to distribute 50-450 grams of cocaine, felony firearm, felon in possession of a firearm, carrying a concealed weapon, and being a third felony habitual offender. The Respondent has filed an answer, which is construed as a motion to dismiss on the ground that petitioner has failed to exhaust all of his claims in the state courts. *See Davis v. Lafler,* No. 2008 WL 1808823, * 1 (E.D. Mich. April 21, 2008). Respondent has not addressed the merits of Petitioner's claims in its answer.

    Petitioner has now retained counsel Lawrence J. Bunting, who has filed a response to the respondent's answer, in which petitioner asks to delete his unexhausted

1

claim from the original petition. Counsel has also requested time to file an amended petition for writ of habeas corpus.

For the reasons stated below, Petitioner's motion to delete the unexhausted claim from his petition for writ of habeas corpus is **GRANTED**. The Court further **GRANTS** petitioner's counsel thirty days to file an amended petition for writ of habeas corpus. The Court will also amend the caption to reflect the correct spelling of petitioner's name. Finally, the Court **ORDERS** the Respondent to file a supplemental answer addressing the merits of the exhausted claims and any Rule 5 materials that have not yet been filed with the Court within sixty days of the filing of the amended petition for writ of habeas corpus.

## I. **DISCUSSION**

Respondent moved for the Court to dismiss the petition for writ of habeas corpus on the ground that Petitioner had failed to exhaust his fourth claim involving the prosecutor's failure to disclose the identity of a witness, in violation of *Brady v. Maryland,* 373 U.S. 83, 87 (1963). Petitioner has moved for this Court to delete this unexhausted claim to permit him to proceed with his exhausted claims.

A district court must allow a habeas petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *See also Banks v. Jackson,* 149 Fed.Appx. 414, 421 (6th Cir. 2005). Accordingly, in *lieu* of dismissing the petition,

the Court will permit petitioner to delete his *Brady* claim from his petition.

The Court will also grant petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

The Court will permit petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, the Court will grant petitioner's counsel thirty days to file an amended petition for writ of habeas corpus with the Court.

The Court will further order the Clerk of the Court to amend the caption to reflect that petitioner's actual name is Demetric McGowan.

The Court will further order Respondent to file a supplemental answer which addresses the merits of petitioner's exhausted claims within sixty days of the filing of the amended petition for writ of habeas corpus. The Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to

petitioner's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001). 28 U.S.C. § 2243.

The court also orders Respondent to provide any the Rule 5 materials which it has not already provided at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

## II. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that the motion to delete the unexhausted claim in writ of habeas corpus petition is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner is **GRANTED THIRTY DAYS** from the Court's order to file an amended petition for writ of habeas corpus with this Court.

**IT IS FURTHER ORDERED** that the caption of the case is amended to reflect that petitioner's name is correctly spelled as Demetric McGowan.

*McGowan v. Curtin,* 09-14539

The Court further **ORDERS** Respondent to submit an answer addressing the merits of Petitioner's habeas claims within **SIXTY DAYS** of the filing of the amended petition for writ of habeas corpus. Respondent is further ordered to any additional Rule 5 materials that have not already been filed with the Court at the time that it files its answer.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 2, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 2, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary