**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEMETRIC MCGOWAN,

      Petitioner,                    Civil No. 2:09-CV-14539
                                      HONORABLE ARTHUR J. TARNOW
v.                                UNITED STATES DISTRICT JUDGE

SHERRY BURT,

      Respondent,

_____/

**OPINION AND ORDER CONDITIONALLY GRANTING**
**THE PETITION FOR WRIT OF HABEAS CORPUS**

Demetric McGowan, ("Petitioner"), incarcerated at the Muskegon

Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254, through counsel S. Allen Early, challenging his conviction for

possession with intent to distribute 50-450 grams of cocaine, M.C.L.A. 333.7401

(2)(a)(iii); felony-firearm, M.C.L.A. 750.227b; felon in possession of a firearm,

M.C.L.A. 750.224f; carrying a concealed weapon, M.C.L.A. 750.227; and being a

third felony habitual offender, M.C.L.A. 769.11.

Petitioner was convicted following a jury trial.  At sentencing, petitioner's

sentencing guidelines on the cocain conviction were scored at 78-195 months.

Petitioner was sentenced to 195 months, or sixteen years, three months, to forty

years in prison.  Petitioner's counsel admitted at sentencing that he made a

1

*McGowan v. Burt,* 2:09-CV-14539

mistake in calculating the guidelines just prior to trial during the plea

discusssions.  (Tr. 1/18/07, pp. 16-20).

This Court finds that petitioner was denied the effective assistance of trial

counsel when his attorney gave him, before trial, inaccurate advice that the

guidelines range [1]  after trial would be 45 - 93 months (3 3/4 years - 8 3/4 years)

when in fact it was 78 - 195 month (6 ½ years - 16 1/4 years), which caused

petitioner to reject the prosecutor's plea bargain offer and receive a much greater

sentence after being convicted at trial.  Accordingly, the petition for writ of habeas

corpus is conditionally granted.

### I. Background

Petitioner was convicted following a jury trial in the Monroe County Circuit

Court.  The relevant facts relied upon by the Michigan Court of Appeals are:

> Police received an anonymous tip of drug use at an apartment,
> received consent from the resident to conduct a search, and discovered
> drugs in the apartment.  The apartment occupant was on parole and

---

[1]  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W.2d 231 (2003)(citing M.C.L.A. 769.34(2)). The maximum sentence is not determined by the trial judge but is set by law. See *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(citing M.C.L.A. 769.8).   The parties did not calculate a sentencing guidelines range for the felony-firearm charge, because the penalty for felony-firearm is a mandatory two year prison sentence that must be served consecutively to any underlying felony. *See* M.C.L.A. 750.227b.  Hence, the crime of felony-firearm is not covered by the Michigan Sentencing Guidelines. *People v. Johnigan,* 265 Mich. App. 463, 472; 696 N.W.2d 724 (2005).

*McGowan v. Burt,* 2:09-CV-14539

agreed to arrange a purchase for three and one-half ounces of cocaine from her supplier, defendant. Defendant called the occupant turned informant when he was on his way with the drugs. When he arrived, defendant was arrested carrying three and one-half ounces of cocaine and a gun. Conversely, defendant claimed that he merely carried three and one-half grams of cocaine. Defendant asserted that he did not intend to deliver the cocaine, but rather, it was for his own personal use. He further testified that he came to visit the informant for commercial sex.

*People v. McGowan,* No. 275781, * 1 (Mich.Ct.App. March 18, 2008).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 482 Mich. 1030; 769 N.W.2d 202 (2008).

Petitioner filed his original petition for writ of habeas corpus, seeking habeas

relief on the following grounds:

I. Defendant was denied the opportunity to present a defense at trial.

II. Defendant was denied a fair trial when the admission of testimony that defendant has a reputation for drugs/guns was entered and trial counsel was ineffective for not moving for mistrial/objecting.

III. Trial counsel was ineffective in failing to accurately calculate sentencing guidelines, resulting in defendant's failure to accept the plea offer articulated by the trial court and the prosecution at the start of the trial.

IV. Defendant was denied a fair trial when the prosecutor failed to disclose the identity of witness Edmud prior to trial in violation of the *Brady* doctrine.

V. The lower court expressed an opinion that the court's sentencing practices were much harsher than the present legislative guidelines and as a result sentenced petitioner at the top of the guidelines, even though probation and the prosecution recommended a much lower sentence, resulting in constitutional error.

3

*McGowan v. Burt,* 2:09-CV-14539

Petitioner was subsequently permitted to delete the fourth claim from his petition because it had not been exhausted with the state courts. Petitioner's counsel was also given time to file an amended petition for writ of habeas corpus.

Petitioner's original counsel Lawrence J. Bunting subsequently filed an amended petition for writ of habeas corpus, in which he raised the following two grounds for relief:

> I. The Michigan Court of Appeals and Michigan Supreme Court denied petitioner his right to due process guaranteed under the Fourteenth Amendment to the United States Constitution by refusing to grant post-trial relief where petitioner's defense attorney was ineffective, in violation of petitioner's Sixth Amendment right to representation.[2]
>
> II. Whether petitioner has been deprived of his Due Process guaranteed under the Fourteenth Amendment to the United States Constitution where newly discovered evidence reveals that the Michigan State Police Lieutenant in charge of this case has been charged with corruption.

This Court permitted counsel to file the amended habeas petition but noted that petitioner's claim involving the police lieutenant had yet to be exhausted with the state courts. On September 9, 2011, this Court held the petition in abeyance to permit petitioner to return to the state courts to exhaust additional claims.

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. McGowan,* No. 06-35201-FH (Monroe County Circuit Court, January 20, 2012). The Michigan appellate courts denied

---

[2] Same as Issue III in original petition.

4

*McGowan v. Burt,* 2:09-CV-14539

petitioner leave to appeal. *People v. McGowan*, No. 308520 (Mich.Ct.App. August

24, 2012); *lv. den.* 493 Mich. 967; 829 N.W.2d 223 (2013).

On August 27, 2013, petitioner, through his new counsel, S. Allen Early,

filed an amended petition for writ of habeas corpus, seeking relief on the following

grounds:

> I. Petitioner's trial counsel was ineffective during the plea bargain
> process and at trial and the ineffectiveness prejudiced petitioner
> denying petitioner his Sixth Amendment right to counsel.[3]
>
> II. Petitioner was deprived of his right to due process under the
> Fourteenth Amendment where newly discovered evidence reveals that
> the Michigan State Police Lieutenant in charge of this case has been
> charged with corruption and pled guilty to racketeering with a 2-20 year
> sentence. [4]

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim–

---

[3] Same as Issue III in original petition.

[4]  It is unclear whether petitioner seeks to re-assert the claims that he
raised in his original petition or whether he seeks relief only on the claims raised
in his amended petition.

*McGowan v. Burt,* 2:09-CV-14539

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

*McGowan v. Burt,* 2:09-CV-14539

decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III.  Discussion

**A.  Trial counsel was ineffective in miscalculating the sentencing guidelines range, causing petitioner to reject the plea bargain and receive a much greater sentence following a jury trial.**

Petitioner contends that he was denied the effective assistance of trial counsel when his attorney miscalculated his sentencing guidelines range at the time of plea negotiations, causing petitioner to reject a plea bargain offered by the prosecutor, resulting in him receiving a much greater sentence following his jury trial conviction.

Trial counsel calculated the guidelines for the possession with intent to deliver cocaine count at 45-93 months but the correct sentencing guidelines range was 78-195 months for the minimum part of the sentence.  As a result of the miscalculation, petitioner rejected a plea offer calling for a minimum sentence of 60 months on the cocaine count, because he believed, based upon counsel's erroneous advice, that the maximum minimum sentence that he could receive was 93 months (7 3/4 years) instead of 195 months (16 1/4 years). Following his conviction, petitioner in fact received 195 months on the minimum sentence for the cocaine conviction.

7

*McGowan v. Burt,* 2:09-CV-14539

On the first day of trial, the prosecutor offered the following plea bargain to petitioner. Petitioner would plead guilty to the possession with intent to deliver cocaine count, the felony-firearm count, and being a second habitual offender. The prosecutor would dismiss the remaining two gun counts and the habitual third charge. The prosecutor stated that there was a sentence agreement for petitioner to receive five years as a minimum sentence on the cocaine count and a two year consecutive sentence on the felony-firearm charge. Petitioner's counsel indicated on the record that he had informed petitioner that his guidelines on the cocaine offense were 45-93 months. The judge acknowledged that counsel had informed him in chambers that the guidelines had been scored at 45-93 months. The judge advised petitioner that both the prosecutor and the probation department had the right to score the sentencing guidelines and might come up with a different sentencing guidelines range, either more or less than the range calculated by defense counsel. The judge indicated that if petitioner were convicted of anything, the guidelines could be different than what was stated by counsel. Counsel questioned petitioner on the record about his understanding that the sentencing guidelines as scored were "contingent upon the plea if you are convicted" and depending upon what petitioner was convicted of, they could be more or less than what had been scored. Significantly, neither the judge nor defense counsel advised petitioner that his sentencing guidelines

8

*McGowan v. Burt,* 2:09-CV-14539

range could be significantly higher if he proceeded to trial. Neither the judge nor defense counsel warned petitioner that he faced a higher sentencing guidelines range if he rejected the plea offer. More specifically, defense counsel did not advise petitioner that his sentencing guidelines range would be 78-195 months following a jury trial. Petitioner rejected the plea offer. (Tr. 12/11/06, pp. 4-7).

Petitioner was convicted after a jury trial. At sentencing, petitioner's sentencing guidelines on the cocaine conviction were scored at 78-195 months. Petitioner was sentenced to 195 months, or sixteen years, three months, to forty years in prison. Petitioner's counsel admitted at sentencing that he made a mistake in calculating the guidelines just prior to trial during the plea discussions. (Tr. 1/18/07, pp. 16-20).

Subsequent to petitioner's conviction, a *Ginther* hearing was conducted on petitioner's ineffective assistance of counsel claim. [5]

Petitioner testified at the *Ginther* hearing that he was offered a plea bargain in which he would receive a 60 month minimum sentence on the cocaine count and an additional two year sentence on the felony-firearm count if he pleaded guilty. Petitioner indicated that his trial counsel advised him that his sentencing guidelines on the cocaine count were 45-93 months. Petitioner rejected the offer, because there was only a two year, nine month difference

---

[5] *People v. Ginther*, 390 Mich. 436, 443; 212 N.W. 2d 922 (1973).

9

*McGowan v. Burt,* 2:09-CV-14539

between the plea agreement and his maximum exposure under the sentencing guidelines range as scored by defense counsel, if he were convicted following a trial.  Based on the advice as given by defense counsel, petitioner believed that the worst sentence that he could receive on the cocaine conviction following a trial would have been seven years, nine months. (Tr. 8/27/07, pp. 6-9).

Following his jury trial conviction, petitioner learned that his sentencing guidelines range was 78-195 months.  Petitioner testified that had he known that the sentencing guidelines range was 78-195 months, he would have accepted the plea agreement.  Petitioner explained that the eleven year difference between the sixty month minimum sentence being offered on the cocaine charge if he pleaded guilty, versus the 195 month sentence he received after the jury trial, "was way too much for me." (*Id.,* pp. 9-10).  Although acknowledging that the judge mentioned that the sentencing guidelines could be scored lower or higher, petitioner believed that the judge was merely referring to the guidelines as they would be scored with respect to the five year plea agreement, because the guidelines had not yet been scored, as opposed to the scoring of the guidelines following a jury trial. (*Id.,* pp. 10-11).  On cross-examination, petitioner elaborated that the judge did not specifically advise petitioner that his sentencing guidelines could be higher if he went to trial.  Petitioner indicated that the judge indicated that the guidelines could be scored differently without specifying

10

*McGowan v. Burt,* 2:09-CV-14539

whether the guidelines could be scored differently following a trial or "whether he was talking about the plea agreement." (*Id.* p. 12).

Petitioner's defense counsel, Mr. Craig Tank, testified that he was in the middle of a murder trial in another county when he tried this case on a motion day (for Macomb County), after unsuccessfully requesting an adjournment from Monroe County. (Tr. 8/27/07, pp. 16, 21-25).

Tank woke up before 6:00 a.m. in order to make a three hour drive to the court in Monroe from Romeo, Michigan.  Tank admitted he was tired and not well prepared for this case. (*Id.* pp. 17-18, 27-29).  Significantly, Tank admitted that he spent only a minimal amount of time calculating the guidelines and that he miscalculated the guidelines application on the drug count if petitioner were convicted of all charges. (*Id.* p. 20).  He further acknowledged that his underestimation of the sentencing guidelines range altered the degree of risk which petitioner faced by going to trial. (*Id.* pp. 29-31).

The trial judge denied petitioner's claim, on the ground that both he and defense counsel had advised petitioner on the record at the time of the plea offer that the guidelines could be scored differently.  The judge acknowledged, in response to a comment by petitioner's appellate counsel, Mr. Early, that the court had left out the word "plea" when advising petitioner that the guidelines could be scored substantially higher or lower. (*Id.,* pp. 51-52).

11

*McGowan v. Burt,* 2:09-CV-14539

The Michigan Court of Appeals rejected petitioner's claim on direct appeal:

Review of the record reveals that the deadline for plea or sentence agreements had passed. Despite that fact, the trial court instructed the prosecutor to place the proposal on the record. The trial court then noted that defense counsel briefly calculated the sentencing guidelines to conclude that the minimum guideline range was 45 to 93 months. However, the trial court proceeded to advise defendant that the prosecutor and the probation department also had the right to score the guidelines, "[a]nd depending upon how the ... Court handled any arguments on particular issues, there's really no telling until we did a presentence investigation report to know for sure what the guidelines would be." The trial court then advised defendant that the guidelines could be calculated differently, and the court could then fashion a sentence different than the recommended guidelines range.

Ultimately, the actual guidelines range calculated by the trial court was 78 to 195 months. Defendant cites his own self-serving testimony that he would have accepted the plea offer because of the disparity between these ranges and the risk that he could be imprisoned for 195 months. However, defendant provides no objective evidence that he would have accepted the prosecutor's plea offer if advised differently. Following a *Ginther* hearing, the trial court held that the calculation of the sentencing guidelines did not provide a meritorious issue for ineffective assistance. The trial court held that, irrespective of any testimony regarding distractions or lack of sleep, defendant was specifically advised by the court of the time passage for plea agreements and that the sentencing guidelines would vary if all parties had the opportunity to examine the guidelines in depth. Furthermore, defendant was advised when he rejected the plea offer that his sentence, if convicted, could vary from trial counsel's 45 to 93 month estimation. Defendant received this warning from both the trial court and his trial counsel on the record. Defendant acknowledged these warnings on the record and decided to pursue trial. Thus, the trial court held that counsel had not rendered ineffective assistance. We cannot conclude that the factual findings were clearly erroneous in light of the extensive advice given to defendant regarding the variances in the calculation of the sentencing guidelines, and the trial court's discretion in resolving challenges to the guideline calculations.

12

*McGowan v. Burt,* 2:09-CV-14539

 On this record, defendant failed to meet his burden of establishing a claim of ineffective assistance.

*McGowan,* Slip. Op. at * 7.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Petitioner initially contends that he was constructively denied the assistance of counsel at his trial because counsel was in the middle of a lengthy murder trial in Macomb County and could not "realistically be expected to 'render

13

*McGowan v. Burt,* 2:09-CV-14539

assistance where competent counsel very likely could not.'" Petitioner claims that because he was constructively denied the assistance of counsel, prejudice should be presumed. We need not address this, as this Court finds there were deficient performance and actual prejudice caused by the deficient performance.

The Sixth Amendment right to counsel extends to the plea bargaining process. *Lafler v. Cooper,* 132 S. Ct. 1376, 1384 (2012); *Missouri v. Frye,* 132 S. Ct. 1399, 1406 (2012). Thus, a criminal defendant during plea negotiations is "entitled to the effective assistance of competent counsel." *Lafler,* 132 S. Ct. at 1384 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). See also, *Sawaf v U.S.,* 2014 WL 2936431 (June 30, 2014, 6th Cir.).

In the context of an ineffective assistance of counsel claim involving a defendant having rejected a plea offer from the prosecution, in order to establish that he was prejudiced by counsel's alleged deficiency, the defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court, i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances. The defendant must also show that the court would have accepted its terms, and that the conviction or sentence, or both, would have been less severe than under the judgment and sentence that in fact were imposed. *Lafler v. Cooper*, 132 S. Ct. at 1385.

14

*McGowan v. Burt,* 2:09-CV-14539

The Supreme Court noted:

If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.

*Id.* at 1387.

Petitioner has shown that his trial counsel was deficient during the plea negotiation process. Petitioner's counsel calculated petitioner's sentencing guidelines at 45-93 months. Petitioner rejected the plea offer of a five year sentence on the cocaine count because he believed that he was looking only at an additional two years, nine months at most on the minimum sentence if he lost at trial. The sentencing guidelines in petitioner's case, however, were 78-195 months. Because of counsel's gross misadvice concerning the sentencing guidelines, petitioner rejected the plea offer, with the result that he ended up receiving an additional eleven years, three months on the minimum sentence than he would have had he pleaded guilty. Petitioner testified at the *Ginther* hearing that he would have pleaded guilty had he known that the sentencing guidelines were 78-195 months, to avoid exposing himself to an additional eleven years on the minimum sentence. See, *Satterlee v Wolfenbarger*, 453 F3d 362 (6th Cir, 2006).

15

*McGowan v. Burt,* 2:09-CV-14539

A criminal defense attorney's failure to provide professional guidance to a defendant regarding his sentence exposure prior to the defendant deciding to accept a plea offer may constitute deficient assistance. *Moss v. U.S.*, 323 F. 3d 445, 474 (6th Cir. 2003)(citing *Magana v. Hofbauer*, 263 F. 3d 542, 550 (6th Cir. 2001)).  Petitioner's counsel was clearly deficient in advising petitioner that his sentencing guidelines were only 45-93 months, when they were in fact 78-195 months. *See U.S. v. Morris*, 470 F. 3d 596, 602-03 (6th Cir. 2006)(counsel for defendant facing state charges of firearms and drug possession and offered option of plea bargain or transfer for federal prosecution, provided ineffective representation when she told defendant if he were convicted of similar federal offenses the federal sentencing range would be between 60 and 68 months, when actual range was 101 or 111 months).

Petitioner was also prejudiced by counsel's failure to properly advise him concerning his sentencing exposure because he has established that had counsel correctly informed him that the sentencing guidelines were 78-195 months, he would not have risked facing an additional eleven years in prison but would have accepted the State's offer of five years in prison on the drug charge. The Michigan Court of Appeals unreasonably rejected petitioner's claim on the ground that his assertion that he would have pleaded guilty was "self-serving."

*McGowan v. Burt,* 2:09-CV-14539

The Sixth Circuit declined to hold that a defendant must support his own assertion that he would have accepted the plea offer with additional objective evidence.  Rather, "[a] substantial disparity between the penalty offered by the prosecution and the punishment called for by the indictment is sufficient to establish a reasonable probability that a properly informed and advised defendant would have accepted the prosecution's offer." *See Griffin v. United States,* 330 F. 3d 733, 737 (6th Cir. 2003).  Petitioner received a more severe sentence by going to trial, one that was in fact over three times more severe than he would have received had he pleaded guilty.  Clearly, petitioner was prejudiced by counsel's deficient advice under the circumstances. *Lafler,* 132 S. Ct. at 1391; *Griffin,* 330 F. 3d at 737; *Sawaf, supra.*

The mere fact that the judge mentioned at the plea hearing that the sentencing guidelines could be scored differently does not alter this Court's analysis.  First, neither the trial judge nor petitioner's counsel at the plea hearing explicitly stated that the sentencing guidelines could be scored higher if petitioner was convicted *after a trial or if he rejected the plea offer*. (Emphasis added).  The judge's remarks about the scoring of the sentencing guidelines were ambiguous as to whether he was referring to the scoring of the sentencing guidelines after petitioner accepted the plea bargain and pleaded guilty or whether he was referring to the scoring of the guidelines after petitioner was

17

*McGowan v. Burt,* 2:09-CV-14539

convicted following a trial.  Petitioner at the *Ginther* hearing testified that he

believed that the judge's comments about potential differences in the scoring of

the guidelines referred to the possibility that the guidelines might be scored

differently by the various parties after he had pleaded guilty, not after a trial.

Significantly, neither the trial judge nor defense counsel warned petitioner that

he faced the possibility of an additional eleven years, three months in prison if he

rejected the plea offer.  The judge's vague remarks did not ameliorate any

prejudice from counsel's failure to correctly score the sentencing guidelines.

In addition, there has been no showing by the respondent nor any finding

made by the state trial judge or the Michigan Court of Appeals that the

prosecutor would have subsequently withdrawn the offer or that the judge would

have rejected it.  The judge, in fact, at the *Ginther* hearing implied that he would

have accepted the plea agreement had petitioner entered into it. (Tr. 8/27/07, pp.

52-53).

Finally, the mere fact that petitioner proceeded to trial and argued his

innocence of the possession with intent to deliver cocaine charge does not

likewise alter the Court's analysis.  The Sixth Circuit indicated that "it does not

make sense to say that a defendant's protestations of innocence belie his later

claim that he would have accepted a guilty plea." *Griffin*, 330 F.3d at 738; *See*

18

*McGowan v. Burt,* 2:09-CV-14539

*also Morris,* 470 F. 3d at 603, *Sawaf, supra.* This is particularly true in this case where petitioner's claim of "innocence" was rather weak.

The question becomes what the appropriate habeas remedy would be in this case. A federal habeas court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). 28 U.S.C. § 2243 authorizes federal courts to dispose of habeas corpus matters "as law and justice require." Cases involving deprivations of the Sixth Amendment right to the assistance of counsel are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation. *United States v. Morrison,* 449 U.S. 361, 364 (1981).

The proper remedy in this case is to issue a writ of habeas corpus conditioned upon the state prosecutor reoffering the original plea agreement. *Lafler,* 132 S. Ct. at 1391; *Satterlee,* 453 F. 3d at 368.

Because this Court's conclusion that petitioner is entitled to habeas relief on his ineffective assistance of counsel claim during plea negotiations is dispositive of the petition, the Court considers it unnecessary to review petitioner's other claims and declines to do so. *See Satterlee v. Wolfenbarger,* 374 F. Supp. 2d 562, 567 (E.D. Mich. 2005) aff. 453 F. 3d 362 (6th Cir. 2006).

19

*McGowan v. Burt,* 2:09-CV-14539

## IV.  <u>ORDER</u>

**IT IS HEREBY ORDERED THAT PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS IS CONDITIONALLY GRANTED.  UNLESS THE STATE TAKES ACTION TO RE-OFFER THE PLEA AGREEMENT MADE AT THE TIME OF TRIAL WITHIN NINETY (90) DAYS OF THE DATE OF THIS OPINION, HE MAY APPLY FOR A WRIT ORDERING RESPONDENT TO RELEASE HIM FROM CUSTODY FORTHWITH.**


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 25, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 25, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

20