**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEMETRIC MCGOWAN,

      Petitioner,                        Civil No. 2:09-CV-14539
                                         HONORABLE ARTHUR J. TARNOW
v.                                     UNITED STATES DISTRICT JUDGE

SHERRY BURT,

      Respondent,

_____/

## OPINION AND ORDER DENYING THE MOTION FOR A STAY PENDING APPEAL AND GRANTING PETITIONER'S MOTION TO APPOINT COUNSEL FOR APPEAL

On August 25, 2014, this Court granted the petition for writ of habeas corpus, finding that petitioner was denied the effective assistance of trial counsel when his attorney gave him, before trial, inaccurate advice that the sentencing guidelines range after trial would be 45–93 months (3 3/4 years–8 3/4 years) when in fact it was 78–195 month (6 1/2 years–16 1/4 years), which caused petitioner to reject the prosecutor's plea bargain offer and receive a much greater sentence after being convicted at trial, namely, 195 months to forty years in prison. *McGowan v. Burt*, No. 2014 WL 4206836 (E.D. Mich. August 25, 2014).

Respondent has filed a motion for a stay pending appeal. Petitioner's retained counsel has filed a response to the motion and has also filed a motion to appoint counsel for petitioner to represent him on appeal. For the reasons that

*McGowan v. Burt,* 2:09-CV-14539

follow, the motion to stay is DENIED.  The Court will appoint counsel to represent

petitioner on appeal.

### A.  The motion to stay is denied.

There is a presumption that a successful habeas petitioner should be

released from custody pending the state's appeal of a federal court decision

granting habeas relief, but this presumption may be overcome if the judge

rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v.*

*Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th

Cir. 1992); *Burdine v. Johnson*, 87 F. Supp. 2d 711 (S.D. Tex. 2000); F.R.A.P.

Rule 23(c).  Because habeas proceedings are civil in nature, the general

standards of governing stays of civil judgments should also guide courts when

they must decide whether to release a habeas petitioner pending the state's

appeal. *Hilton*, 481 U.S. at 776.

The factors regulating the issuance of a stay are:

(1) whether the stay applicant has made a strong showing that he is
likely to succeed on the merits;
(2) whether the applicant will be irreparably injured absent a stay;
(3) whether the issuance of the stay will substantially injure the other
parties interested in the proceeding; and
(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

*McGowan v. Burt,* 2:09-CV-14539

In determining whether to stay an order granting relief to a habeas petitioner, pending the state's appeal, federal courts are not restricted to consider only the petitioner's risk of flight, but are authorized to consider traditional stay factors, including the risk that petitioner would pose a danger to the public if released, the state's interest in continuing custody and rehabilitation of the petitioner, the interest of the habeas petitioner in his or her release pending appeal, and the likelihood of the state's success on the merits of the appeal. *Hilton v. Braunskill*, 481 U.S. at 777.  The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where these factors are the weakest. *Id.* at 777-78.  The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success in its appeal. *Hilton,* 481 U.S. at 778; *Workman*, 958 F. 2d at 166.  Where the state fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the preference for release of the petitioner should control. *Hilton,* 481 U.S. at 778.

The Court declines to grant respondent's motion for a stay of proceedings pending appeal in this case.  First, and most importantly, the respondent is not entitled to a stay of proceedings pending appeal because she has failed to show either a strong likelihood of success on appeal or that she has a substantial case

3

*McGowan v. Burt,* 2:09-CV-14539

on the merits. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004). In this case, there is abundant evidence that trial counsel gave petitioner woefully inadequate advice concerning the correct sentencing guidelines range. Respondent has never contested the fact that petitioner was given incorrect advice about the sentencing guidelines from his counsel. Although respondent claims that petitioner was put on notice by the judge that he could receive a higher sentence in that the guidelines could be scored differently by the prosecutor or the probation officer, respondent ignores the fact that neither the trial judge nor petitioner's counsel at the plea hearing explicitly informed petitioner that the sentencing guidelines could be scored higher if petitioner was convicted *after a trial or if he rejected the plea offer*. (Emphasis added). The judge's remarks about the scoring of the sentencing guidelines were ambiguous as to whether he was referring to the scoring of the sentencing guidelines after petitioner accepted the plea bargain or whether he was referring to the scoring of the guidelines after petitioner was convicted following a trial. Petitioner, in fact, testified at a post-trial evidentiary hearing that he believed that the judge's comments about potential differences in the scoring of the guidelines referred to the possibility that the guidelines might be scored differently by the various parties after he had pleaded guilty, not after a trial. Most importantly, neither the

4

*McGowan v. Burt,* 2:09-CV-14539

trial judge nor defense counsel warned petitioner that he faced the possibility of an additional eleven years, three months in prison if he rejected the plea offer.

Because respondent has failed to show that she has a reasonable likelihood of prevailing on appeal, respondent has waived her argument on this issue. *Ward,* 340 F. Supp. 2d at 778.

Secondly, respondent is not entitled to the issuance of a stay, because she has failed to show that she would be irreparably injured in the absence of a stay or that there would be any risk of harm to the public interest if a stay was not issued in this case. *See Newman v. Metrish,* 300 Fed. Appx. 342, 343 (6th Cir. 2008); *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 778.  Respondent is not entitled to a stay, because she has provided no evidence to establish that petitioner's release could pose a danger to the public. *See Miller v. Stovall*, 641 F. Supp. 2d 657, 670 (E.D. Mich. 2009).

In addition, although respondent mentions other habeas petitioners who absconded on bond, respondent has failed to show that this petitioner would be a flight risk, if released.  Because respondent has failed to show that petitioner "poses an especial flight risk or danger to the public[.]", the motion for a stay should be denied. *See O'Brien v. O'Laughlin,* 130 S.Ct. 5, 7 (2009).  This Court finds that petitioner poses a relatively low risk of flight and that the public interest

5

*McGowan v. Burt,* 2:09-CV-14539

supports releasing petitioner pending a final ruling from the Sixth Circuit. *Miller,*
641 F. Supp. 2d at 671.

Finally, prolonging petitioner's incarceration on this conviction to allow
respondent time to file an appeal would be unjust following this Court's finding
that petitioner was prejudiced by his trial counsel's failure to offer him adequate
advice concerning the sentencing guidelines, which lead petitioner to reject a plea
agreement which called for him receiving a five year minimum sentence on the
drug conviction plus two years on a felony-firearm conviction.  Had petitioner
been properly advised of the correct sentencing guidelines range, he would have
accepted the plea agreement and could very well have finished his sentence by
now.  Because petitioner has served more than seven years in prison, petitioner
would suffer irreparable harm each day that he would remain imprisoned in
violation of the U.S. Constitution.  Because "remedying such harm is the very
essence of the writ of habeas corpus," *Ward,* 340 F. Supp. 2d at 778 (quoting
*Burdine*, 87 F. Supp. 2d at 717), respondent is not entitled to the issuance of a
stay pending appeal.

*McGowan v. Burt,* 2:09-CV-14539

**B.  The Court grants the motion to appoint counsel.**

Petitioner has moved for the appointment of counsel on appeal.  Although petitioner was represented by S. Allen Early before this Court, Mr. Early claims that petitioner is now indigent and will need the assistance of counsel on appeal.

The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).  "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).  Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004). The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

7

*McGowan v. Burt,* 2:09-CV-14539

     This Court granted petitioner habeas relief because he was denied the effective assistance of trial counsel.  Petitioner has shown that he has a colorable claim and would have a reasonable chance of prevailing on appeal with the assistance of counsel.  Accordingly, the Court will order that the Federal Defender's Office be appointed to represent petitioner as appellee on respondent's appeal to the Sixth Circuit.

## ORDER

     **IT IS ORDERED THAT Respondent's Motion for a Stay Pending Appeal [Dkt. 32] is DENIED.**

     **IT IS FURTHER ORDERED that the motion to appoint counsel for appeal [Dkt. # 36] is GRANTED.**


               S/Arthur J. Tarnow
               Arthur J. Tarnow
               United States District Judge

Dated: September 26, 2014


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2014, by electronic and/or ordinary mail.

               S/Catherine A. Pickles
               Judicial Assistant