**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEMETRIC MCGOWAN,

      Petitioner,                       Civil No. 2:09-CV-14539
                                          HONORABLE ARTHUR J. TARNOW
v.                                   UNITED STATES DISTRICT JUDGE

SHERRY BURT,

      Respondent,

_____/

**<u>OPINION AND ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL,</u>**
**<u>GRANTING THE MOTION TO APPOINT COUNSEL FOR PETITIONER, AND</u>**
**<u>SETTING NEW DEADLINES FOR THE PARTIES TO FILE SUPPLEMENTAL</u>**
**<u>PLEADINGS</u>**

      This Court granted the petition for writ of habeas corpus, finding that

petitioner was denied the effective assistance of trial counsel when his attorney

gave him, before trial, inaccurate advice that the sentencing guidelines range

after trial would be 45–93 months (3 3/4 years–8 3/4 years) when in fact it was

78–195 month (6 1/2 years–16 1/4 years), which caused petitioner to reject the

prosecutor's plea bargain offer and receive a much greater sentence after being

convicted at trial, namely, 195 months to forty years in prison. *McGowan v. Burt*,

No. 43 F. Suppp. 2d 761 (E.D. Mich. 2014).

      The Sixth Circuit reversed the Court's decision and remanded the matter to

this Court for consideration of petitioner's remaining claims. *McGowan v. Burt,*

788 F.3d 510 (6th Cir. 2015); *cert. Den.* 136 S. Ct. 415 (2015)*.*

On December 11, 2015, the Court reopened the petition to adjudicate the remaining claims.  The Court set deadlines for the parties to file supplemental pleadings.

Before the Court is retained counsel S. Allen Early's motion to withdraw as counsel and petitioner's motion for the appointment of counsel.  For the reasons that follow, the motions are GRANTED.  The Court will also new deadlines for the parties to file supplemental pleadings.

Mr. Early in his motion to withdraw as counsel indicates that he was scheduled to undergo major surgery for spinal fusion on December 30, 2015 and will be unable to comply with the Court's deadline for expeditious briefing of this matter for a number of months.

Under the Model Rules of Prof'l Conduct R. 1.16(b):

[A] lawyer may withdraw from representing a client if:...

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
(7) other good cause for withdrawal exists.

Although these rules do not guarantee a right to withdraw, "they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009).

If an attorney "feels he will be unable for health reasons or otherwise, to

2

adequately represent his client he has the duty to withdraw from the case." *Green v. Forney Engineering Co.*, 589 F.2d 243, 247–48 (5th Cir.1979).  In light of the fact that Mr. Early has undergone extensive surgery and may have a lengthy recovery period which may impede his ability to adequately represent his client, the motion to withdraw is granted.

The Court will also grant petitioner's motion to appoint counsel.  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).  Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).  The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

This Court already granted petitioner habeas relief on a claim in which he was represented by retained counsel.  When this Court reopened the case, petitioner was still represented by Mr. Early.  Petitioner no doubt expected that his retained counsel would be able to file a supplemental brief on his behalf.  In light of the fact that petitioner already relied on counsel to advance his original claims, the Court feels that it would be in the interests of justice to appoint

3

counsel to assist petitioner with the preparation of supplemental pleadings.

This Court will also grant petitioner's new counsel ninety days from the date of his or her appointment to file any supplemental brief that petitioner may wish to submit in support of his remaining claims.  Respondent shall than have sixty days after the filing of any supplemental brief by petitioner or the expiration of the ninety day period to do so to file a response brief, if he so chooses.

**ORDER**

**IT IS HEREBY ORDERED** that the motion to withdraw as counsel [Dkt. # 47] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel [Dkt. # 48] is **GRANTED**.  **IT IS ORDERED** That the Federal Defender's Office is appointed to represent petitioner in the above entitled matter.

**IT IS FURTHER ORDERED** that petitioner's new counsel shall have 90 days from the date of this order to file any supplemental brief that addresses the remaining claims, if petitioner so chooses.  Respondent shall have 60 days from the filing of petitioner's brief or the expiration of the 90 day time period for submitting a supplemental brief to file a response, if he so chooses.


**s/Arthur J. Tarnow**
**HONORABLE ARTHUR J. TARNOW**
**Dated: May 2, 2016**          **UNITED STATES DISTRICT JUDGE**